IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SAMMY BAEZ-FIGUEROA,

Petitioner

v.

CIVIL 14-1600 (FAB)

ATTORNEY GENERAL OF THE
COMMONWEALTH OF PUERTO
RICO,

Respondent

AMENDED MAGISTRATE JUDGE REPORT AND RECOMMENDATION

I. FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2009, Alexis Olivo-Marrero, Angel Vargas-Soto, and Arielys Olivo-Ortiz violently lost their lives in the Municipality of Toa Baja, Puerto Rico in what quickly became known as La Masacre de Pajaros (The Pajaros Massacre). See United States v. Adorno-Molina, 774 F.3d 116, 120 (1st Cir. 2014); United States v. Colon-de-Jesus, 2012 WL 2710877 at *3 (D.P.R. July 6, 2012). Two other people were wounded by gunfire. Two of the victims were children. Sammy Baez-Figueroa, a prisoner at the Commonwealth of Puerto Rico Ponce Correctional Jail, Las Cucharas, maximum security facility, and now petitioner in these proceedings under 28 U.S.C. § 2254, was convicted after a jury trial in the Commonwealth Court of First Instance, Superior Court, Bayamon Part, of criminal conspiracy, possession of ammunition, possession of automatic firearms, and

CIVIL 14-1600 (FAB)                    2

pointing and/or firing a gun.[1]  The charges were related specifically to the Pajaros Massacre.   All punishments were imposed to run consecutively as per the sentence handed down on April 11, 2011.  The total length of the sentences added up to 211 years.  (Docket Nos. 1 at 2, 24-1 at 45-46)[2].  Petitioner was acquitted of other offenses including three counts of first degree murder, conspiracy to commit murder, and weapons violations.[3] On appeal, twenty-seven points of error were raised.

The convictions and sentences were affirmed by the Puerto Rico Court of Appeals on December 21, 2012.  (Case No. KLAN201100658).  Pueblo v. Baez Figueroa, 2012 WL 6931128 (TCA 2012) (Docket No. 1-3).   The last motion for reconsideration was denied on August 16, 2013. (Docket No. 1 at 7, ¶ g).   In the appeal to the Court of Appeals, petitioner attacked court rulings  regarding allegedly coerced testimony, as well as charging the trial court with incorrectly

_____

[1]Other persons similarly charged were acquitted in a previously held trial.

[2]There were two convictions for violation of Article 5.07 of the Puerto Rico Weapons Act (carrying an automatic weapon). Criminal Nos. DLA 2009G1070 and DLA 2009G1071 (144 years), two convictions for violation of Article 5.15 of the Puerto Rico Weapons Act (firing and/or arming a firearm). Criminal Nos. DLA2009G1087 and DLA2009G1088 (40 years), and one conviction for violation of Article 6.01 of the Puerto Rico Weapons Act (possession of ammunition). Criminal No. DLA2009G1059 (24 years). There was also a conviction for conspiracy (3 years) in D OP2009G0092. (Docket Nos. 1-1, 2; 24-1 at 1).

[3]Petitioner notes that he was acquitted in 36 counts of a 42-count charging document. (Docket No. 1 at 1, ¶ 1; 2 at ¶ 2(b)).

CIVIL 14-1600 (FAB)                3

weighing the evidence.  Certiorari was denied on September 12, 2012.  (Docket No. 2 at 7).  Indeed there were three denials of certiorari on direct review. (Docket No. 1 at 7).  A motion for reconsideration of denial of certiorari was denied as was a second motion for reconsideration.   A *pro se* habeas corpus petition before Superior Court, Bayamon Part, was apparently  filed on January 14, 2014 and denied without a hearing.  In that motion, petitioner arguably raised matters related to the failure of the prosecution to have provided him with exculpatory materials, as well as newly discovered evidence.  Petitioner did not seek review before the Puerto Rico Court of Appeals because he understood that the appellate court would not change its original decision and he has lost all confidence in the local courts.  (Docket No. 1 at 7, ¶ g).  No petition for a writ of certiorari was filed before the United States Supreme Court, nor that of Puerto Rico.  (Docket No. 1 at 7, ¶¶ g, h).[4]

    This matter is before the court on petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Sammy Baez-Figueroa on August 4, 2014. (Docket No. 1).   In a comprehensive attack on the court actions below, petitioner raises a litany of errors, based upon a total of twenty-seven issues raised at the appellate court level, beginning with his arrest without probable cause, imputing numerous

---

    [4]Attorney Julio E. Gil de Lamadrid represented petitioner in all state proceedings except for the pro se petition, and represents petitioner in this collateral attack.

CIVIL 14-1600 (FAB)                4

errors to the court, the prosecutor and the jury, stressing that the sentence was

not warranted as contradicted by the acquittals on the crimes of violence he was

charged with.  He also argued before the appellate court that his sentence was

excessive, cruel and unjust punishment.  He argues that his right to confrontation

was violated because the star witness, who testified under immunity, was not

allowed to be confronted about specific instances of lying, that petitioner was

arrested without probable cause, that the BMW in which he was a passenger was

disposed of by the government before he could have an expert review the vehicle,

and that no conspiracy was proven.  Petitioner notes that he was convicted of

possession of an automatic weapon when the weapon did not fire automatically.

Collateral estoppel should have applied to certain evidence used in a prior trial

where the defendants were acquitted.  Petitioner was not allowed to present

evidence that co-conspirators were acquitted.  He also complains that the chain

of custody was not proved in relation to firearms and that the same were not

identified.  Finally, he raises an issue of constitutionality regarding the trial

process.[5] (Docket No. 1 at 8-12).

---

[5]All of the exhibits attached to petitioner's pleadings, including eight judgments of acquittal and a denial of certiorari, are written in the Spanish language.  (Docket Nos. 1-1 through 1-7, 8).  To a non-Spanish speaker, the petition is unsupported.  The general rule is that documents and pleadings filed in the Spanish language and not accompanied by an English translation cannot be entertained by the court. Local Rule 5(g), United States District Court for the District of Puerto Rico. See Collazo-Perez v. Puerto Rico, ___F. Supp. 3d ___, 2015 WL 1886238 at *6 (D.P.R.  Feb. 20, 2015);  Esteves-Gonzales v.

CIVIL 14-1600 (FAB)                    5

Petitioner notes that he exhausted all remedies in relation to the issues stated above.  He also complains that if he would have been tried in any other jurisdiction of the United States he would have been acquitted since all that is required for conviction in Puerto Rico is at least nine jurors voting for conviction. (Docket No. 1 at 12).

On October 13, 2014, respondent Cesar Miranda-Rodriguez, Attorney General of the Commonwealth of Puerto Rico and in his official capacity only, moved to dismiss the complaint under Fed. R. Civ P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Docket No. 17).  He argues that petitioner has chosen an inadequate respondent, that he failed to exhaust available state remedies in this mixed petition which contains exhausted and unexhausted claims, and that therefore, the petition must be dismissed,  that there is no factual support for the claims, and that he has failed to show that he is being held in violation of the laws and Constitution of the United States. (Docket No. 17 at 5).

Embajada de la Republica Dominicana, 497 F. Supp. 2d 279 (D.P.R. 2007); Class v. Commonwealth of Puerto Rico, 309 F. Supp. 2d 235, 238 (D.P.R. 2004); Quiñones v. Puerto Rico Hosp. Supply Inc., 307 F. Supp. 2d 352, 361 n. 1 (D.P.R. 2004);  Garcia-Clavelo v. Nogueras-Cartagena, 2010 WL 4273924 at *2 (D.P.R.  Oct. 29, 2010); Valle-Nieves v. Pereira-Castillo, 2010 WL 597367 at *1 (D.P.R. Feb. 11, 2010); cf. Torres Santa v. Rey Hernandez, 279 F. Supp. 2d 124, 125-129 (D.P.R. 2003); Ortiz-Bonilla v. Melendez-Rivera, 2009 WL 2151299 at *5 (D.P.R. July 13, 2009).

CIVIL 14-1600 (FAB)                6

On January 08, 2015, petitioner moved in opposition to the motion to dismiss. (Docket No. 28).   He notes that correcting the respondent would simply require an amendment to the caption.   He refutes the contentions of the respondent, quoting extensively from 28 U.S.C. § 2254, relating to and describing the evidence which reflects that there was no probable cause for his arrest and where he is actually innocent, all while ignoring any of the factual determinations of the court of appeals.   He stresses that there was clearly insufficient evidence to prove his guilt beyond a reasonable doubt.   He does not make reference to the stipulated narrative of the evidence which was presented to the appellate court in relation to the testimonies of the witnesses at the trial court, but generally paints a portrait of complete innocence.

## II. ANALYSIS

A federal court will consider an application for a writ of habeas corpus, when a petitioner asserts that his conviction is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a); Lyons v. Brady, 666 F.3d 51, 55 (1st Cir. 2012); Nazario-Baez v. Batista, 29 F. Supp. 3d 65, 68 (D.P.R. 2014); Romero-Hernandez v. Matias-De Leon, 796 F. Supp. 2d 290, 292 (D.P.R. 2011). "It is commonly said that 'mere' errors under state law in the admission of evidence are not recognizable under federal habeas review.  This means that the question is not whether the admission of the evidence was state-law error, but

CIVIL 14-1600 (FAB)                    7

whether any error rendered the trial so fundamentally unfair that it violated the

Due Process Clause." <u>Kater v. Maloney</u>, 459 F.3d 56, 64 (1ˢᵗ Cir. 2006); <u>Nazario-</u>

<u>Baez v. Batista</u>, 29 F. Supp. 3d at 68;  <u>Reyes v. Puerto Rico</u>, 977 F. Supp. 2d 107,

108-09 (D.P.R. 2013); <u>Collanzo v. Perry</u>, 2010 WL 428960 at *3 (D.N.H. Jan. 29,

2010).

Title 28 U.S.C. § 2254(d) reads thus:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See <u>Brumfield v. Cain</u>, 135 S. Ct. 2269, 2288-89 (2015); <u>White v. Woodall</u>, 134 S. Ct. 1697, 1703 (2014).

In applying this "highly deferential standard for evaluating state-court

rulings, . . .state-court decisions [must] be given the benefit of the doubt."

<u>Cullen v. Pinholster</u>, 563 U.S. ____, 131 S. Ct. 1388, 1398 (2011), cited in

<u>Brumfield v. Cain</u>, 135 S. Ct. at 2289.  The prisoner must rebut any state

court factual findings he seeks to challenge by clear and convincing evidence

CIVIL 14-1600 (FAB)                              8

under 28 U.S.C. § 2254(e)(1). <u>Burt v. Titlow</u>, 571 U.S. ___,___, 134 S. Ct. 10, 15 (2013), cited in cited in <u>Brumfield v. Cain</u>, 135 S. Ct. at 2289.

## A. EXHAUSTION OF REMEDIES

To be eligible for relief, petitioner must show that he has either exhausted all of his state court remedies for each claim raised, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See <u>Perez-Arocho v. Wanders</u>, 2014 WL 859091 at *1 (D.P.R. Feb. 28, 2014); <u>Legere v. Gerry</u>, 2010 WL 398960 at *3 (D.N.H. Jan. 27, 2010), citing 28 U.S.C. §2254 (a) & (b).  See also <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997).  In order to exhaust state remedies in Puerto Rico, petitioner must file either a motion under Rule 192.1, Puerto Rico Rules of Criminal Procedure[6], or file a motion under the Puerto Rico Code of Criminal Procedure, P.R. Laws Ann. tit. 34, § 1741 (c). See <u>Martinez-Gonzalez v. Rodriguez-Madera</u>, 2013 WL 625312 at *2 (D.P.R. Feb. 20, 2013).   Other than his own statement that all issues were exhausted, there is no other evidence in support of the statement. (Docket

---

[6]Rule 192.1 provides in part: Any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . .the sentence was imposed in violation of the Constitution of the Commonwealth of Puerto Rico or of the Constitution of the United States, . . .may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment. P.R. Laws Ann. tit. 34, App. II, Rule 192.1

CIVIL 14-1600 (FAB)                9

No. 1 at 7).  The act of having filed a pro se habeas corpus petition is not enough.  Petitioner has to show that the issues presented to this court were adequately presented to the Commonwealth trial court.  See e.g. Rivera-Valentin v. Ferrer-Roman, 2012 WL 4892854 at *3 (D.P.R. Oct. 12, 2012). Furthermore, in order to exhaust state remedies, petitioner must appeal a denial under either vehicle.  See Romero-Hernandez v. Matias-De Leon, 796 F. Supp. 2d 290, 292-93 (D.P.R. 2011).  There is no evidence of such an appeal and no documents supporting further collateral review of his sentence[7].  See Valle-Ortiz v. Puerto Rico, 2015 WL 4509529 at *2 (D.P.R. July 21, 2015).

### B. FED. R. CIV. P. 12(b)(6)

Respondent has moved under Fed. R. Civ. P. 12(b)(6) for dismissal of the complaint.  Rule 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.

---

[7]The most that petitioner has done is provide a string of citations to the cases he filed a pro se habeas corpus petition in at the Bayamon Section of Superior Court where he was convicted. D OP2009G0092, D LA2009G1059, D LA2009G1070, D LA2009G1071, D LA2009G1087 and D LA2009G1088.  He did not appeal the denial. (Docket No. 1 at 7).

CIVIL 14-1600 (FAB)                    10

1937 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 5[4]7, 127 S.Ct. 1955 (2007));  <u>Nazario-Baez v. Batista</u>, 29 F. Supp. 3d at 69; <u>Arroyo-Perez v. Demir Group Intern.</u>, 733 F. Supp. 2d 322, 323 (D.P.R. 2010);  <u>Reyes v. Puerto Rico</u>, 977 F. Supp. 2d at 110-11; <u>Wallace v. State of New Hampshire</u>, 2010 WL 520904 at *1 (D.N.H. Feb. 9, 2010); <u>Legere v. Gerry</u>, 2010 WL 398960 at *1.

Further, "[i]n ruling upon a [Federal] Rule [of Civil Procedure] 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." <u>Marrero-Gutiérrez v. Molina</u>, 447 F. Supp. 2d 168, 172 (D.P.R. 2006) (citing <u>Perry v. New England Bus. Serv., Inc.</u>, 347 F.3d 343, 344 (1st Cir. 2003)); see <u>Garcia-Parra v. Departamento de Justicia</u>, 2015 WL 1186394 at *2 (D.P.R. Feb. 5, 2015), citing <u>Doyle v. Hasbro, Inc.</u>, 103 F.3d 186, 190 (1st Cir. 1996), quoting <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996); see <u>Carrion-Torres v. Puerto Rico</u>, 2015 WL 3549841 at *3 (D.P.R. May 29, 2015).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678, 129 S. Ct. 1937

CIVIL 14-1600 (FAB)                    11

(citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555, 127 S.Ct. 1955);

<u>Carrion-Torres v. Puerto Rico</u>, 2015 WL 3549841 at *3;  <u>see Llanos-</u>

<u>Morales v. Municipality of Carolina</u>, 567 F. Supp. 2d 507, 510 (D.P.R.

2013).  In a situation "where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint

has alleged-but it has not 'show[n]' - 'that the pleader is entitled to

relief.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679, 129 S. Ct. 1937 (quoting Fed.

Rule Civ. P. 8(a)(2));  <u>Nazario-Baez v. Batista</u>, 29 F. Supp. 3d at 69;

<u>Arroyo-Perez v. Demir Group Intern</u>., 733 F. Supp. 2d at 323.

        Petitioner has generally presented conclusory statements related to

evidentiary matters which have been considered post conviction by the

Commonwealth courts.  They are merely repeated in this court.   There is

generally  no development of any argument and insufficient specificity for

the court to discern entitlement to extraordinary remedy, at least in the

initial pleading.   "'The general rules of pleading require a short and plain

statement of the claim showing that the pleader is entitled to relief. . . .

This short and plain statement need only give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.' <u>Medina v.</u>

<u>Toledo</u>, <u>718</u> F. Supp. 2d 194, 201 (D.P.R. 2010) (quoting <u>Gargano v.</u>

<u>Liberty Int'l Underwriters, Inc.</u>, 572 F.3d 45, 48 (1st Cir. 2009))'".  <u>Luis</u>

CIVIL 14-1600 (FAB)                    12

Santiago v. Santiago, 731 F. Supp. 2d 202, 205 (D.P.R. 2010).  In the

opposition to the motion to dismiss, there is a veiled attempt at

developing the argument but the result is an unfocused recitation of facts

without reference to where in the narrative of evidence they appear,

notwithstanding the fact that the narrative statement of evidence is

quoted extensively by the appellate court.  There is never one reference

to any of the translated court documents but rather an unfounded

counter-statement and commonplace protest of innocence.

       I address ten main issues raised by petitioner, stressing that the

focal points of the analysis revolve around the violation of federal law,

exhaustion of available state remedies, pleading requirements, and merit.

 First, I address a threshold issue.

              C. ATTORNEY GENERAL OF PUERTO RICO AS RESPONDENT

       Respondent, Attorney General of the Commonwealth of Puerto Rico,

moves for dismissal of the petition because he is not the custodian of

petitioner and therefore not the proper party in a action seeking habeas

corpus.  Petitioner responds in total disagreement and tersely notes in a

postscript that the matter can be resolved with a caption change.

       It is no less than horn book law that the *sine qua non* respondent in

a habeas corpus petition is the custodian of the person in custody, in this

CIVIL 14-1600 (FAB)                    13

case, a Commonwealth prisoner.  As respondent notes, the federal

habeas corpus statute provides straightforwardly that the proper

respondent is the person who has custody over the petitioner.  See 28

U.S.C. § 2422; 28 U.S.C. § 2423.  The extraordinary remedy sought

requires that the action be directed against the person having immediate

custody of the prisoner or detainee.  This makes complete sense since the

custodian must bring the corpus to the trial court should the court so

demand the same.  Respondent refers to the "immediate custodian rule",

a longstanding practice.  Wales v. Whitney,  114 U. S. 564, 5 S. Ct. 1050

574 (1885).  Clearly, the default rule is that the warden (or jailer) of the

facility where a prisoner is incarcerated is the proper respondent, and not

the Attorney General or some other remote supervisory official.  See e.g.

Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996); Brennan v.

Cunningham, 813 F.2d 1, 12 (1st Cir. 1987).

        Petitioner responds to this terse argument referring to respondent's

stand incorrectly, in that the proper party is the head of the Department

of Corrections and or the Department of Corrections.  (Docket No. 28 at

29).  That is simply not the case.  Respondent Attorney General clearly

invokes the federal habeas corpus statute and its clear language directing

the action against a person (jailer or custodian) and not an entity.  See

CIVIL 14-1600 (FAB)                    14

Branden v. 30th Judicial Circuit Court, 410 U.S. 484, 495, 93 S. Ct. 1123
(1973); Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir.2000); also see
Solano v. U.S. Parole Com'n, 678 F. Supp. 368, 369 (D.P.R. 1988).
Petitioner responds further that since the agency (Corrections
Department) cannot be sued in accordance with the laws of the
Commonwealth of Puerto Rico, then the Attorney General, or more
directly, the Commonwealth Department of Justice, is the proper
defendant.  The court is reminded that the Department of Justice will
represent any agency, including the Department of Corrections of Puerto
Rico.

        Curiously, the Department of Justice moves for dismissal without
submitting to the jurisdiction of this court because regardless of this
retort, its position traces the federal statutory language.  No mention is
made of the Corrections Department in respondent's brief,
notwithstanding petitioner's emphasis on the agency.  The correct
respondent, the custodian, has not been served with process and is not a
party to this action.  The Attorney General at best is a remote custodian
in an ethereal sense, based upon the requirement that he be served with
process, but such service does not free petitioner from serving and suing
the correct or proper party, and this district court is obviously not a

CIVIL 14-1600 (FAB)                    15

stranger to state habeas corpus petitions where the custodian is, *mirabile dictu*, an actual party and person.  Esteves-Gonzalez v. Ocasio, 2012 WL 1110579 (D.P.R. Mar. 30, 2012);  Irizarry-Sanchez v. Penuelas, 2011 WL 1362623 (D.P.R. Apr. 6, 2011);  Valle-Zacheus v. Rivera-Colomba, 2007 WL 781884 at *1 (D.P.R. Mar. 13, 2007).

Petitioner proffers a simple solution, "a simple amendment to the caption." (Docket No. 28 at 2).  The court can do that by ignoring the plain language of the statute relied on by petitioner to seek collateral relief.  Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S. Ct. 2711 (2004);  Webster v. Daniels, 784 F. 3d 1123, 1145 (7th Cir. 2015);  Gonzales v. Commandant, U. S. Disciplinary Barracks, Ft. Leavenworth, KS et al., 949 F. Supp. 2d 688, 692 (E.D. Ky. 2013);  Graham v. Sabol, 734 F. Supp. 2d 194, 200-01 (D. Mass. 2010).   The respondent is not the immediate custodian of petitioner.

In view of the above, I recommend that the complaint be dismissed against the only defendant noted in the caption and served with summons, the Attorney General of the Commonwealth of Puerto Rico[8].

---

[8]Dismissal may appear to be a draconian resolution but petitioner is clearly aware of the error that can be solved by a motion to amend complaint, and service upon the correct party. See Fed. R. Civ. P. 15(a)(2); Garcia-Parra v. Administracion de Correccion, 2015 WL 1186418 at *3 (D.P.R. Mar. 16, 2015).

CIVIL 14-1600 (FAB)                    16

That the law requires service of process upon the Secretary of Justice  when an agency is sued does not require the presence of the Secretary of Justice (equivalent of the Attorney General)  as a party.  See Toledo-Colon v. Puerto Rico, 812 F. Supp. 2d 110, 123 (D.P.R. 2011). The same reasoning holds true if the Commonwealth is a party.  Indeed, the Secretary of Justice is the lawyer for government officials sued in their official capacity, as is the Secretary of Justice, or Attorney General, in this case.  See P.R. Laws Ann. Tit. 3 § 292a (2)(a).   A motion to amend the complaint would have rendered this matter a non-issue beyond the offhand solution of petitioner.  This is not a *pro se* petition.

### D. HABEAS CORPUS MIXED PETITION

Petitioner notes that he has exhausted all state remedies as to all grounds stated above.  (Docket No. 1 at 10).  That statement is attested and made under penalty of perjury.  (Docket No. 1 at 13).  Respondent argues that of the ten issues raised in the present petition, petitioner has failed to exhaust available state remedies as to half of them, that is, issue 1, 3, 4, 8, and 10. (Docket No. 17 at 15).  Petitioner's response to the motion to dismiss is clear in that he insists that all grounds presented here were presented before the Commonwealth Supreme Court which declined to review the case (or cases).

CIVIL 14-1600 (FAB)                    17

       In order for a habeas petition to be granted a petitioner must show
that he has exhausted all of his present federal and state claims in state
court. See O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S. Ct. 1728
(1999); see also Adelson v. DiPaola, 131 F.3d at 262; Contreras v.
Somoza, ___F. Supp. 3d ___, 2015 WL 4069590 at *6 (D.P.R. June 1,
2015).  In this  case, petitioner  must show that he applied for available
collateral Commonwealth relief pursuant to Rule 192.1 of the Puerto Rico
Rules of Criminal Procedure and that he has presented both his state and
federal claims in state court. 34 L.P.R.A App. II R. 192.1. See Perez-
Arocho v. Wanders, 2014 WL 859091 at *2 (D.P.R. Feb. 28, 2014).
Alternatively, he may show that he moved for habeas corpus relief under
Section 1741 of the Puerto Rico Code of Criminal Procedure, 34 L.P.R.A.
§§ 1741-43.  See Cruz-Gonzalez v. Negron-Fernandez, 2015 WL 1470852
at *5 (D.P.R. Mar. 31, 2015); Atiles-Gabriel v. Pagan-Monje, 2013 WL
5306703 at *2 (D.P.R. Sept. 20, 2013).  The exhaustion requirement was
designed to reduce friction between the federal and state systems and
provide state courts with the opportunity to "pass upon and correct
alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454
U.S. 1, 3, 102 S. Ct. 18 (1981); See Rose v. Lundy, 455 U.S. 509, 518-
19, 102 S. Ct. 1198 (1982);  Contreras v. Somoza, 2015 WL 4069590 at
*6 .

CIVIL 14-1600 (FAB)                    18

        The exhaustion requirement, however, is not easily satisfied by the

petitioner presenting facts underlying his claim before the highest court of

the state. Barresi v. Maloney 296 F.3d 48, 51 (1st Cir. 2002); see Picard

v. Connor, 404 U.S. 270, 277-278, 92 S. Ct. 509 (1971). A petitioner

must present his federal claims to the state's highest tribunal, in such a

manner that a reasonable trier of fact "would have been alerted to the

existence of the federal question." Casella v. Clemons, 207 F.3d 18, 20

(1st Cir. 2000); see Barresi v. Maloney, 296 F.3d at 51; Esteves-Gonzalez

v. Ocasio, 2012 WL 1110579 at *3.  Furthermore, he must "elucidate the

legal foundation of his federal claim." Adelson v. DiPaola, 131 F.3d at

262; see Domaingue v. Butterworth, 641 F.2d 8, 12 (1st Cir. 1981);

Fillippini v. Ristaino, 585 F.2d 1163, 1165 (1st Cir. 1978);  Contreras v.

Somoza, 2015 WL 4069590 at *6; see Coningford v. Rhode Island, 640

F.3d 478, 482 (1st Cir. 2011).  Such a showing is lacking.

        There is an exception to the exhaustion rule. "If there is no

opportunity [for the petitioner] to obtain redress in state court or if the

corrective process is so clearly deficient as to render futile any effort to

obtain relief," then the habeas petition will be considered by the federal

court. Duckworth v. Serrano, 454 U.S. at 3, 125 S. Ct. 2195.  In cases

where an individual has submitted a mixed petition of exhausted and

CIVIL 14-1600 (FAB)                    19

unexhausted claims, like in the present case, the majority of the Courts of

Appeals at one time allowed such petitions to be reviewed. Rose v. Lundy,

455 U.S. at 514 n. 5, 102 S. Ct. 1198.  That changed in 1982 when the

Supreme Court held that ". . .because a total exhaustion rule promotes

comity and does not unreasonably impair the prisoner's right to relief,. . .

a district must dismiss habeas petitions that contain both exhausted and

unexhausted claims." Id. at 522, 102 S. Ct. 1198.  Nevertheless, now,

after the exhaustion requirement has been met, a petitioner has the

burden of proving the incorrectness of the state court's judgment by

providing "clear and convincing evidence." 28 U.S.C. §2254(e)(1).  If he

is unable to do so, his claim must thus rely on (1) a new rule of

constitutional law that was previously unavailable, or (2) a factual

predicate that could not have been previously discovered, but would have

resulted in a different outcome in the trial.  28 U.S.C. §2254(e)(2).

Contreras v. Somoza,   2015 WL 4069590 at *7.  These requirements

have clearly not been met.

        In any event, it is no longer the case that the district court must

dismiss the entire petition.  Gonsalves v. Thompson, 396 F. Supp. 2d 36,

43 (D. Mass, 2005) citing Rose v. Lundy, 455 U.S. at 510, 102 S. Ct.

1198; Ruiz-Rodriguez v. Miranda-Rodriguez, 2012 WL 4508126 at *5

CIVIL 14-1600 (FAB)                    20

(D.P.R. Sept. 28, 2012).  In some cases of mixed petitions, there are

grounds for a "stay and abeyance" of proceedings under limited

circumstances.  Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528

(2005). See DeLong v. Dickhaut, 715 F. 3d 382, 387 (1st Cir. 2013);

Gonzalez-Diaz v. Lopez, 957 F. Supp. 2d 143, 148-49 (D.P.R. 2013);

Esteves-Gonzalez v. Ocasio, 2012 WL 1110579 at *4, citing Gonsalves v.

Thompson, 396 F. Supp. 2d at 43, citing Rose v. Lundy, 455 U.S. 509,

102 S. Ct. 1198; Contreras v. Somoza, 2015 WL 4069590 at *7.

However, if the court finds that petitioner does not have good cause for

his failure to present his claims to the State court, the claims are plainly

meritless, or the petitioner has engaged in dilatory tactics, then stay and

abeyance is inappropriate.  Rhines v. Weber, 544 U.S. at 278, 125 S. Ct.

1528; Gonzalez-Diaz v. Lopez, 957 F. Supp. 2d at 148-49; Santana v.

Ryan, 2015 WL 4576913 at *4 (D. Mass. July 30, 2015);  Chiellini v. Wall,

2015 WL 3441910 at *3 (D.R.I. May 28, 2015); Collins v. Bouffard, 2015

WL 263491 at *9 (D. Me. Jan. 20, 2015); Pope v. Wingard, 2014 WL

7359197 at *5 (M.D. Pa. Dec. 23, 2014); Pagan v. NH State Prison,

Warden, 2013 WL 4403914 at *3 (D.N.H. Aug. 14, 2013).

        Having no faith in the Puerto Rico courts does not supply good

cause for failing to exhaust remedies, and while petitioner has not

CIVIL 14-1600 (FAB)                    21

engaged in  dilatory tactics, his claims are plainly meritless.  I keep in

mind that "[a] state court's determination that a claim lacks merit

precludes federal habeas relief so long as fairminded jurists could

disagree on the correctness of the state court's decision." Hensley v.

Roden, 755 F. 3d 724, 731 (1st Cir. 2014), citing Harrington v. Richter,

562 U.S. 86, 101, 131 S. Ct. 770 (2011).  The scenario presented in this

case includes a Commonwealth judicial system which considered the

issues presented by petitioner as best it could and ignored none, and a

petitioner who insists that he has exhausted state remedies and has no

faith in the state system which was unwilling to vindicate his clearly

violated Constitutional rights.  The court may find that there is no reason

to return to the Commonwealth court to further seek collateral review and

further exhaust state proceedings.  See e.g. Lambrix v. Singletary, 520

U.S. 518, 525, 117 S. Ct. 1517 (1997);   Ramos-Martinez v. United

States, 638 F.2d 315, 324 (1st Cir. 2011) cited in  Sanchez-Ramirez v.

Mercado-Figueroa, 2013 WL 3973379 at *3 (D.P.R. July 31, 2013).  For

that reason, I consider the substance of the issues raised by petitioner.

E. GROUNDS FOR RELIEF

GROUND ONE: VIOLATION OF RIGHT TO CONFRONTATI0N

CIVIL 14-1600 (FAB)                    22

Petitioner argues that the trial court did not permit him to confront the star witness about specific instances of lying. (Docket No. 1 at 8). This argument is conclusory and undeveloped.  Petitioner objects to having been prohibited from impeaching a witness with a finding made in a separate proceeding.[9]  The issue was raised on direct appeal and was also undeveloped there.  (Docket No. 24-1 at 17).  In other words, the Commonwealth Supreme Court has been unable to squarely rule on the merits of the argument.  As respondent notes, the appellate court stated that petitioner was not allowed to impeach witness Vargas Perez regarding a judgment issued on April 30, 2011 in a different criminal proceeding.  With that, there is not even a meager showing that the court prohibited cross-examination of the witness, but rather that the court prohibited cross-examination on a particular subject, an action traditionally relegated to the garden-variety duties of a trial judge.  See e.g. Coningford v. Rhode Island, 640 F.3d at 483;  Ericson v. Landry, 2015 WL 2251494 at *6 (D. Me. May 13, 2015).  Respondent notes that this point was not exhausted below.   Therefore, state remedies have not

_____

[9]The appellate court makes reference to the paucity of information provided by petitioner and refers to the narrative statement of the evidence from the court below noting that the star witness had personal knowledge of the facts testified to since he and others went along with petitioner to murder Olivo-Marrero and Josue Mercado Ortiz.

CIVIL 14-1600 (FAB)                    23

been exhausted and this issue creates a mixed petition.  Ultimately, the

issue is couched in legal terminology with no specific factual averment,

and thus unable to survive a motion under Rule 12(b)(6).  Indeed, it is

clear that the weighing of the evidence as to this issue did not result in a

decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding.  Title 28

U.S.C. § 2254 (d) (2).

GROUND TWO: ARREST WITHOUT PROBABLE CAUSE

Petitioner was riding as a back seat passenger in a car when the car

was ordered to stop at gunpoint by the police.  The information in the

possession of the officer was that the vehicle was being followed for miles

by other police officers.  The officer had no knowledge of the motives to

stop the vehicle, nor was he instructed to stop the vehicle.  The driver

was not speeding and no traffic violations or crimes were committed by

petitioner prior to his detention, nor were any crimes or violations made

in the presence of the police.   Therefore, he argues that he was arrested

without probable cause.  (Docket No. 1 at 8).   What I envision as a

search and seizure issue and what the appellate court treated as a search

and seizure issue under the Fourth Amendment, has morphed into a

probable cause for arrest issue, as respondent has noted.

CIVIL 14-1600 (FAB)                    24

        It can hardly be gainsaid that "searches conducted outside the

judicial process, without prior approval by judge or magistrate, are *per se*

unreasonable under the Fourth Amendment-subject only to a few

specifically established and well-delineated exceptions." Arizona v. Gant,

556 U.S. 332, 338, 129 S. Ct. 1710 (2009) (quoting Katz v. United

States,  389 U.S. 347, 357, 88 S. Ct. 507 (1967)); U. S. v. Matias-

Maestres, 738 F. Supp. 2d 281, 294 (D.P.R. 2010).    A search incident to

an arrest has been recognized by the courts as a well settled exception to

the search warrant requirement of the Fourth Amendment.  United States

v. Robinson, 414 U.S. 218, 224, 94 S. Ct. 467 (1973).  The Supreme

Court has held "that a search 'can be incident to an arrest only if it is

substantially contemporaneous with the arrest and is confined to the

immediate vicinity of the arrest.'"  Shipley v. California, 395 U.S. 818,

819-20, 89 S. Ct. 2053 (1969) (quoting Stoner v. California, 376 U.S.

483, 486, 84 S. Ct. 889 (1964)).  By analogy, in relation to warrantless

automobile searches, the Supreme Court, referring to the standard set

forth in Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct. 2034

(1969), established in New York v. Belton, 453 U.S. 454, 460, 101 S. Ct.

2860 (1981), that the scope of a search incident to arrest extended to the

interior of the passenger compartment of an automobile when the

arrestee was an occupant of such vehicle.  Furthermore, the Supreme

CIVIL 14-1600 (FAB)                25

Court has held that "[o]nce an officer determines that there is probable

cause to make an arrest, it is reasonable to allow officers to ensure their

safety and to preserve evidence by searching the entire passenger

compartment." Thornton v. United States, 541 U.S. 615, 623, 124 S. Ct.

2127 (2004); cf. Arizona v. Gant, 556 U.S. at 343-44, 129 S. Ct. 1710.

In any event, "[a]n arrest pursuant even to a simple traffic violation

permits a search incident to arrest." Evans v. Solomon, No. 06-CV-3284,

2010 WL 276189, at *11 (E.D.N.Y. Jan. 19, 2010) (citing United States v.

Robinson, 414 U.S. at 224, 94 S. Ct. 467).

        I address petitioner's focus on the stop of his vehicle, or rather the

vehicle in which he was a back seat passenger.  "[T]here are three types

of citizen-police encounters:  (1) consensual encounters, which involve a

citizen's voluntary cooperation with an official's non-coercive questioning

and which are not seizures within the meaning of the Fourth

Amendment;" United States v. Seslar, 996 F.2d 1058, 1060 (1993); see,

e.g., Florida v. Bostick, 501 U.S. 429, 434, 111 S. Ct. 2382 (1991);

Michigan v. Chesternut, 486 U.S. 567, 574-76, 108 S. Ct. 1975 (1988);

"(2) investigative detentions or 'Terry stops,' which are seizures [of

limited scope and duration under the Fourth Amendment and] that are

justified only if articulable facts and reasonable inferences drawn from

CIVIL 14-1600 (FAB)                    26

those facts support a reasonable suspicion that a person [is engaged in criminal activity];  United States v. Seslar, 996 F.2d at 1060; Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868 (1968); see, e.g., United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581 (1989); United States v. Acosta-Colón, 157 F.3d 9, 14 (1st Cir. 1998); "and (3) arrests, which are seizures characterized by highly intrusive or lengthy detention and which require probable cause to believe that the arrestee has committed or is committing a crime."  United States v. Seslar, 996 F.2d at 1060; see Hayes v. Florida, 470 U.S. 811, 815-16, 105 S. Ct. 1643 (1985); United States v. Lambert, 46 F.3d 1064, 1067 (10th Cir. 1995); United States v. Seslar, 996 F.2d 1058, 1060 (10th Cir. 1993); United States v. Bloom, 975 F.2d 1447, 1451 (10th Cir. 1992); U.S. v. Alicea-Cotto, 2006 WL 3484304 at *9 (D. P. R. Nov. 30, 2006).

        The Appeals Court considered the reasonableness of the stop of the vehicle under the circumstances, a stop motivated by a radio communication from police connecting the vehicle to a shooting in Pajaros Ward.  An officer testified that as he drove on Road 863 toward Pajaros Ward, he had to stop to avoid colliding with a white BMW which he noticed had a bullet mark on the driver's door pillar, causing him to turn and pursue the vehicle and radioing ahead.  (Docket No. 24-1 at 27).

CIVIL 14-1600 (FAB)                    27

The appellate court noted that contrary to the argument of petitioner, the officers had individualized suspicion that the vehicle was related to the shoot-out at Pajaros Ward and upon stopping the vehicle, they saw weapons in plain sight.  (Docket No. 24-1).  Petitioner insists that there was no reason to stop the vehicle.  (The vehicle was occupied by three individuals and four Glock pistols).   He stresses that the court did everything in its reach to justify the unjustifiable.  (Docket No. 28 at 5). The appellate court looked at the trial evidence with a different focal lens than that through which petitioner observes that evidence and came to another conclusion.  A detailed narrative statement of the evidence related to the arrest supports the findings of the appellate court. (Docket No. 24-1 at 28-32).  That narration includes testimony by a police officer that when the vehicle was stopped, petitioner yelled, "Don't shoot. I'm armed." (Docket No. 24-1 at 31).  Regardless of exhaustion or not, this ground is either undeveloped or meritless, and the ground presented is legal in nature based upon an incomplete factual scenario.  The appellate court concluded that the evidence admitted at trial was the product of a legal search based on the plain view exception to the warrant requirement, as well as the exception of search incident to a legal arrest. (Docket No. 24-1 at 33).  It cannot be said that the weighing of the evidence related to the arrest resulted in a decision that was contrary to,

CIVIL 14-1600 (FAB)                    28

or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States.  Title 28

U.S.C. § 2254 (d)(1).

GROUND THREE: GOVERNMENT DISPOSED OF THE VEHICLE
WITHOUT GIVING PETITIONER THE OPPORTUNITY TO ALLOW
DEFENSE EXPERT TO REVIEW THE VEHICLE

Petitioner notes that the government of Puerto Rico disposed of the

vehicle (a BMW) before giving him and his experts notice and proper

opportunity to have their experts review the vehicle and perform scientific

examination as to the alleged scratch and/or gun shot impact.  Petitioner

also argues that the evidence presented at trial was hearsay and was

admitted over objection, thus violating petitioner's right to confrontation,

discovery, a fair trial and Due Process.  (Docket No. 1 at 8).

The issue of disposal of the vehicle was raised on appeal and

discussed by the appellate court which relied primarily on the state

confiscation statute, while citing Arizona v. Youngblood, 488 U.S. 51, 109

S. Ct. 333 (1988) and Illinois v. Fisher, 540 U.S. 544, 124 S. Ct. 1200

(2004) in determining that the car in question was seized, confiscated

and subsequently sold properly, and that the same did not represent

exculpatory evidence nor did its absence put petitioner in a state of

helplessness.    (Docket Nos. 17-2 at 3-4, 24-2 at 6).  Pueblo v. Baez

CIVIL 14-1600 (FAB)                29

Figueroa, 2010 WL 4807146 at *5 (TCA 2010).   Petitioner wishes the

court to treat the matter as spoliation, and discovery abuse which is

sanctionable.  (Docket No. 28 at 10).  But there is no showing that the

trial court was ever placed on notice that an expert inspection was

necessary or that the vehicle had the portent that it now has.  The vehicle

appears to have been disposed of following custom and the legal

procedure.  P.R. Laws Ann. tit. 34, Sec. 1723 et seq.  For the action to be

sanctionable, a court order had to be violated.  The Commonwealth

simply followed the law in selling the vehicle.   In any event, the appellate

court considered the issue at length, making reference to the analyses

and photographs taken of the vehicle and how the confiscation and

auction of the vehicle were made in accordance with local law.   Pueblo v.

Baez Figueroa, 2010 WL 4807146 at *3.  As in the argument presented to

the appellate court, the argument here is conclusory and refuted by the

current state of the law, as spelled out in   Arizona v. Youngblood, 488

U.S. at 337, 109 S. Ct. 333 (1988) and Illinois v. Fisher, 540 U.S. at 548-

49, 124 S. Ct. 1200.  See Guerrero v. Ryan, ___F. Supp. 3d ___, 2015 WL

4506718 at *6 (D. Mass. July 24, 2015).  The argument is meritless and

the factual premise for the conclusory allegation is patently incomplete.

Indeed, petitioner argues in the opposition to the motion to dismiss that

he was entitled to a jury instruction (although there is no evidence that

CIVIL 14-1600 (FAB)                    30

such an instruction was requested, or if it was not, if plain error resulted),

but also argues that the appellate court and the supreme court had the

opportunity to resolve these fundamental constitutional issues and did

not.  The translation of the appellate decision clearly contradicts this

statement.  The appellate court pellucidly analyzed the issue without

reaching the level of constitutional inquiry.   The analysis was made based

upon Puerto Rico law and the issue was not preserved and therefore not

exhausted.  Furthermore, it cannot be said that the analysis resulted in a

decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of

the United States.  Title 28 U.S.C. § 2254 (d)(1).

> GROUND FOUR: NO CONSPIRACY WAS PROVEN DURING TRIAL
> AND THE STAR WITNESS INDICATED THAT PETITIONER NEVER
> PARTICIPATED IN A CONSPIRACY.

Petitioner argues that no conspiracy was proven during the trial and

the star witness indicated that he never participated in a conspiracy.  He

also argues that the testimony was not corroborated, thus violating Due

Process, and the petitioner's right to be found guilty beyond a reasonable

doubt.  (Docket No. 1 at 8).

This issue is also undeveloped and lacks specificity, as it did on

direct review.  There is no proffer as to which evidence was incorrectly

CIVIL 14-1600 (FAB)                    31

allowed or excluded.  See e.g. <u>Sanchez-Ramirez v. Mercado-Figueroa</u>,

2013 WL 3973379 at *4. The Commonwealth Supreme Court has been

unable to rule on the merits of the argument.  The appellate court

however, clearly noted that the testimony of a co-author need not be

verified and must be examined with mistrust, which is a correct statement

of the law.  (Docket No. 24-1 at 17).  That analysis did not result in a

decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of

the United States.  Title 28 U.S.C. § 2254 (d) (1).   Clearly,  state

remedies have not been exhausted and this issue creates a mixed

petition.  Nevertheless the argument is conclusory in nature rather than

well supported factually.  I state this because the narrative of the

evidence referred to by the appellate court reveals a co-conspirator's

testimony that petitioner took out two black Glock pistols with a "chip"

before getting into the BMW which was being used to execute the plan.

That witness also stated that petitioner dropped a 30-round magazine on

the ground when they were running to escape from the place (in Pajaros)

in the BMW. (Docket No. 24-1 at 21).

     The appellate court quoted Article 249 of the Puerto Rico Criminal

Code and noted that the fact that the other conspirators were found not

CIVIL 14-1600 (FAB)                    32

guilty or were not criminally processed is not a determining factor since

the crime of conspiracy is committed when two or more persons agree to

commit a crime.  (Docket No. 24-1 at 23).  The conclusion is that ground

four is meritless.


GROUND FIVE: THE WEAPONS VIOLATIONS RELATED TO
AUTOMATIC WEAPONS ARE ILLEGAL SINCE THE WEAPONS DID
NOT FIRE AUTOMATICALLY

Petitioner argues that he was found guilty of two counts of

possessing a firearm that fires automatically, although the government

expert testified that the guns that were sent to ballistics did not fire

automatically and that she tried to fix the guns but they did not fire

automatically.   Thus no evidence was presented to establish a violation

of Article 5.07 of the "Gun Law".  (Docket No. 1 at 9).   In the context of

the petition, this is categorized as a rote statement.  The appellate court

noted that when the firearms were seized from petitioner, they were

equipped with a chip or an accessory called a "Fire Selector System" that

permitted the weapon to fire in automatic mode.   (Docket No. 24-1 at

23).  The appellate court thus concluded that the trial court did not err in

denying the motion for judgment of acquittal, particularly since petitioner

did not make reference in the narrative statement of the evidence, or in

CIVIL 14-1600 (FAB)                    33

the record, the incidences where the admissibility of evidence was

discussed.

     "[J]urisprudence [has] protected defendants from being convicted

on less than proof beyond a reasonable doubt of each and every element

of a charged crime.  See In re Winship, 397 U.S. 358, 364, 90 S. Ct.

1068 (1970) (holding that the 'Due Process Clause protects the accused

against conviction except upon proof beyond a reasonable doubt of every

fact necessary to constitute the [charged] crime')." Rodriguez-Vazquez v.

U.S., 2006 WL 2382010 at *2 (D.P.R. Aug. 16, 2006).   This matter was

fully heard and decided against petitioner without recreating an affront to

any constitutional right.   Petitioner argues in his opposition to the motion

to dismiss that the appellate court ignored the evidence which sustains

his position. (Docket No. 28 at 3).  He also argues that no evidence was

presented to establish that the firearm was automatic.  That is clearly

incorrect and the appellate court relates that evidence.  (Docket No. 24-1

at 18-21).  The jury received instructions as to the elements of the

offenses committed, and indeed, acquitted petitioner of many of them.

There is no showing that the jury received a defective reasonable doubt

instruction.  If a showing is made that an instruction was given to the jury

that led them to believe that they could convict on some lesser standard

CIVIL 14-1600 (FAB)                    34

of proof than that required under the "reasonable doubt" instruction,

automatic reversal would be forthcoming. See <u>Sullivan v. Louisiana</u>, 508

U.S. 275, 281-82, 113 S. Ct. 2078 (1993; <u>Rivera-Rivera v. United States</u>,

2009 WL 1076312 at *5 (D.P.R. Apr. 20, 2009).  Such a showing has not

been made here.   Factual determinations under 28 U.S.C. § 2254 (d)(2)

are "presumed to be correct" absent "clear and convincing evidence" to

the contrary.  See <u>Guerrero v. Ryan</u>, 2015 WL 4506718 at *4.  Part of

that evidence was the testimony of a co-conspirator granted immunity,

and the jury could rely on his testimony in weighing his credibility against

testimony to the contrary.


                GROUND SIX: TRIAL COURT DID NOT APPLY COLLATERAL
              ESTOPPEL IN CONVICTING BASED ON EVIDENCE SUPPRESSED IN
                              A RELATED CASE


        Petitioner argues that the trial court did not apply the doctrine of

collateral stoppage (collateral estoppel).    The first trial judge suppressed

the evidenced illegally obtained by the police. (The case was divided into

two cases with the same charges and evidence).  In that case it was

alleged that petitioner acted and conspired with the co-defendants in the

same criminal events.  The first trial court acquitted all co-defendants on

CIVIL 14-1600 (FAB)                    35

the same charges for which petitioner was convicted.  (Docket No. 1 at 9).

The appellate court addressed this issue squarely and determined that the doctrine of collateral estoppel did not apply because there was no identity of parties between the cases.   (Docket No. 24-1 at 39).

The doctrine of collateral estoppel holds that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411 (1980) (citing Montana v. United States, 440 U.S. 147, 153, 99 S. Ct. 970 (1979)).  "However, for the doctrine to have effect, the issue sought to be collaterally estopped must previously have been actually litigated to conclusion and a determination made thereon by a fact-finder."  United States v. Levasseur, 699 F. Supp. 965, 970 (1st Cir. 1988)  (citing United States v. Romero, 836 F.2d 39 (1st Cir. 1987)).  This doctrine applies in both the civil and criminal setting.  United States v. Levasseur, 699 F. Supp. at 970 (citing Ashe v. Swenson, 397 U.S. 436 (1970)); U.S. v. Fernandez-Santos, 2010 WL 5563903 at *2 (D.P.R. Nov. 8, 2010).   The Supreme Court has recognized that collateral estoppel and related doctrines, including res judicata, "relieve parties of the cost

CIVIL 14-1600 (FAB)                 36

and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. at 94, 101 S. Ct. 411  (citing Montana v. United States, 440 U.S. at 153-54, 99 S. Ct. 970).  Applying collateral estoppel in a criminal setting is not identical to applying the same in a civil setting.  United States v. Rodríguez-Estrada, 877 F.2d 153, 157-58 (1st Cir. 1989).  In the criminal setting, "[t]he public interest in the accuracy and justice of criminal results is greater than the concern for judicial economy professed in civil cases."  Id. at 157 (quoting Standefer v. United States, 447 U.S. 10, 25, 100 S. Ct. 1999 (1980) (holding non-mutual collateral estoppel did not apply to bar the government from relitigating the issue of the principal's guilt in petitioner's aiding and abetting trial)).

Ultimately this issue is conclusory in nature, that is, the court is invited to reach a legal conclusion based upon an ethereal argument with no adequate factual premise.

GROUND SEVEN: PETITIONER WAS NOT ALLOWED TO PRESENT EVIDENCE OF CO-DEFENDANT'S ACQUITTAL WHEN THE CHARGES ALLEGED HE CONSPIRED WITH ACQUITTED CO-DEFENDANTS.

Petitioner raises the issue that he was not allowed to bring forth at trial the fact that the supposed co-conspirators were all acquitted in a

CIVIL 14-1600 (FAB)                    37

separate proceeding. (Docket No. 1 at 9).    He did not present the

appellate court specific references to the record so that the court would

be in a position to refute the presumption of correctness in the trial courts

determination.   Nevertheless the appellate court noted the lack of merit

in the argument since the acquittal of other co-conspirators was

immaterial to the evidence which was presented as to conspiracy in

petitioner's trial and his participation in the same.   (Docket No. 24-1 at

20).  The court noted that the killer, Omar Rivera, known as Junior, would

contact Mr. Olivo Marrero to sell him an AR-15 rifle in a drug store in

Pajaros Ward, and kill him.  A group of armed people, including petitioner,

gathered and proceeded to the drug store.  A participant testified that he

saw petitioner with two Glocks with a "chip" before getting into the BMW.

The appellate court outlined the evidence in refuting petitioner's

argument that guilt was not shown beyond a reasonable doubt.

GROUND EIGHT: THE COURT ERRED IN PERMITTING TESTIMONY<br>OF PARTICIPATION OF ACQUITTED CO-DEFENDANTS AND<br>PROHIBITED EVIDENCE OF THEIR ACQUITTAL

        Petitioner argues that the trial court committed error in permitting

testimony of  the alleged participation of the acquitted co-defendants and

committed error in prohibiting the defense from presenting evidence of

the acquittal.  (Docket No. 1 at 9).   The appellate court reviewed the

CIVIL 14-1600 (FAB)                    38

evidence before it in relation to this issue and found the ground to be

without merit.  (Docket No. 24-1 at 19-20).   The appellate court noted

that the prosecution proved beyond a reasonable doubt that two or more

people conspired to kill, among them, petitioner. "Thus, the fact that

other conspirators in a different suit were found not guilty or convicted is

totally impertinent and would not entail the revocation of the guilty

verdict." (Docket No. 21-4 at 20).   But the court also noted that

petitioner did not include in the record, nor in the narrative statement of

the evidence, the incidences of the hearing in which the admissibility of

excluded evidence was discussed.  (Docket No. 24-1 at 23).

The Commonwealth Supreme Court has been unable to rule on the

merits of the argument.  Therefore, state remedies have not been

exhausted and this issue creates a mixed petition.

GROUND NINE: FIREARM WAS ADMITTED WITHOUT CHAIN OF
CUSTODY

Petitioner argues that the court erred in permitting the admission of

the firearms without the proof of chain of custody and without identifying

the firearms.   (Docket No. 1 at 9-10).

Two firearms were allegedly removed from the vehicle and handled

by at least three or four police officers.   No police officer marked any

CIVIL 14-1600 (FAB)                39

weapon, nor were serial numbers, caliber or model  taken down.  The

only indication was that the weapons were Glocks.  The testimony of the

police officers was arguably inconclusive.  The testimonies were

contradictory.  No DNA evidence was recovered from the guns.

Petitioner notes that ballistics evidence shows that one of the guns was

used to kill "Alex" in a location where the evidence did not place

petitioner, demonstrating that the gun was placed in the BMW.  (Docket

No. 1 at 10).

   "Factors to be considered in making this determination of

admissibility [of physical evidence] include the nature of the article, the

circumstances surrounding its preservation and custody, and the likelihood

of others tampering with it."  United States v. García, 718 F.2d 1528,

1533-34 (11th Cir. 1983).  Before the admission into evidence of firearms,

the prosecution  first must authenticate the evidence by demonstrating to

the court that there is a reasonable probability that the evidence is what

its proponent claims.  Puerto Rico Rules of Evidence, 32 L.P.R.A. App. VI,

Rule 901(a).   The trial court must be able to determine that it is

reasonably probable that there was no material alteration of the evidence

after it came into the custody of the proponent.

CIVIL 14-1600 (FAB)                    40

A paper trail, with its omissions and variations, allows for a court to determine that the evidence is authentic or that there might have been tampering with the same.  A break, or two or three, in the chain of custody is not grounds for suppressing the physical evidence subject of the break.  See United States v. Luna, 585 F.2d 1, 5-6 (1st Cir. 1978). Even clear error in numbering or some other detail, like a missing signature, does not cause the evidence to be justiciably infirm.  See United States v. Abreu, 952 F.2d 1458, 1467-68 (1st Cir. 1992).  "A possible defect in the chain of custody for a certain piece of evidence factors into the weight given to the evidence rather than its admissibility." United States v. Rodríguez, 162 F.3d 135, 144 (1st Cir. 1998).  "A defendant can attempt to cast doubt on an exhibit's authenticity.  Such an issue, however, is to be resolved by the jury, and not the judge.  Id.; United States v. Scharon, 187 F.3d 17, 22 (1st Cir. 1999).

"As to a chain of custody for the proper admission of a physical exhibit, there must be a showing that the physical exhibit is in substantially the same condition as when the crime was committed." United States v. Kelly, 14 F.3d 1169, 1175 (7th Cir. 1994) (citing United States v. Avilés, 623 F.2d 1192, 1197 (7th Cir.1980)).  "When there is no evidence of tampering, a presumption of regularity attends the official

CIVIL 14-1600 (FAB)                    41

acts of public officers in custody of evidence; the courts presume they did

their jobs correctly." United States v. Kelly, 14 F.3d at 1175 (citing

United States v. Avilés, 623 F.2d at 1198).  "All the government must

show is that reasonable precautions were taken to preserve the original

condition of evidence; an adequate chain of custody can be shown even if

all possibilities of tampering are not excluded." Id.  "Merely raising the

possibility of tampering is not sufficient to render evidence

inadmissible[.]" United States v. Kelly, 14 F.3d at 1175 (citing United

States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991)).

        The appellate court was presented with this issue which it

considered unsupported by the transcript of an evidentiary hearing held

at the trial level, without which transcript it could not be in a position to

exercise its reviewing function properly. (Docket No. 24-1 at 34).  In any

event, the firearms were identified by their serial numbers.  They were

marked and photographed and the court determined that it was

unnecessary to establish the chain of custody to determine admissibility.

This is a non-issue as well as being wholly undeveloped beyond

petitioner's unsupported focus on the evidence presented at trial beyond

his conclusions.

          GROUND TEN: RULE 112, PUERTO RICO CRIMINAL PROCEDURE
                    RULES VIOLATES THE U.S. CONSTITUTION.

CIVIL 14-1600 (FAB)                    42

Petitioner argues that Rule 112 requires that for a valid verdict to be accepted it must be rendered by a majority of at least 9 jury votes that concurred, and that the United States Constitution and at least that of 48 states require a unanimous vote to convict or acquit.  (Docket No. 1 at 11-12).   Notwithstanding petitioner's assurance that all grounds were exhausted at the state level, he notes that in relation to this one, he has not previously raised this ground because he understood that it would be denied without a hearing, as has been the custom and daily procedure for many years.   The Commonwealth Supreme Court has been unable to rule on the merits of the argument as to petitioner.  State remedies have not been exhausted and this issue creates a mixed petition.  On the other hand, the apparent futility of petitioner's seeking a reversal of this long standing precedent is clear.  It is fairly well established that the requirement that a guilty verdict be unanimous is not fundamental to the federal constitutional right to trial by jury and is not applicable to jury trials in the Commonwealth of Puerto Rico.  Torres v. Delgado, 391 F. Supp. 379, 383 (D.P.R. 1974), aff'd. 510 F. 2d 1182 (1st Cir. 1975).

### III. RECOMMENDATION

Securing relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is an onerous task.  Powell v. Tompkins, 783 F. 3d

CIVIL 14-1600 (FAB)                    43

332, 336 (1ˢᵗ Cir. 2015) (citations omitted).  Petitioner may secure relief

if the state court's decision "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the

Supreme Court, 28 U.S.C.  § 2254 (d)(1).  Only legal errors that are

objectively unreasonable warrant relief."  Id. at 336-37 (citations

omitted).  See Guerrero v. Ryan, 2015 WL 4506718 at *4.

Petitioner notes that the Supreme Court of Puerto Rico simply did

not want to review his case.  A more accurate focus on that review would

be that it did what it could with what it had.   The appellate court noted

that errors which are not discussed in the pleadings are deemed waived

and thus would not be considered by a reviewing court.  It emphasized

that the appellate court can  be placed in a position to make a meaningful

review only if well-supported discussion of the alleged error, including

reference to the sources of law on which the argument is founded, are

included in the appellate pleadings.[10]  Petitioner's focus on the truth

varies with that of the appellate court and his argument can generally be

described as conclusory and undeveloped, lacking attention to detail and

_____

[10]The appellate court was less than flattering in relation to the manner in
which review was sought through a brief lacking basic organization and an
incomplete relation of the evidence. Of the two dozen errors raised, the
appellate court emphasized that as to eleven of them,  petitioner had failed to
place the reviewing court in position to adequately decide the issues since
there was no development of the allegations of error.

CIVIL 14-1600 (FAB)                    44

sufficient specificity to place the appellate court in a position to weigh his

argument adequately.  This court is in no better position for the most

part.  It is a settled rule that "issues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed

waived." Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005);

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cited in United

States v. Diaz-Castro, 752 F.3d 101, 114 n.10 (1st Cir. 2014); Baerga-

Suarez v. U.S., 30 F. Supp. 3d 91, 110 (D.P.R. 2014);  Contreras v.

Somoza, 2015 WL 4069590 at *5.  While respondent makes extensive

reference to the decision of the appellate court in describing the evidence

it considered, and quoting from the court's findings based upon the

narrative statement of the evidence, petitioner makes prosaic statements

without reference to any part of the findings of the appellate court.   To

obtain a writ of habeas corpus from a federal court, a state prisoner

"must show that the state court's ruling on the claim being presented in

federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for

fairminded disagreement." Harrington v. Richter, 562 U.S. at 103, 131 S.

Ct. 770,  quoted in Sanchez-Ramirez v. Mercado-Figueroa, 2013 WL

3873379 at *2.   "[A] state court's factual findings are presumed to be

correct unless the petitioner rebuts the presumption with clear and

CIVIL 14-1600 (FAB)                    45

convincing evidence." <u>Companonio v. O'Brien</u>, 672 F.3d 101, 109 (1st

Cir.), cert. denied 133 S.Ct. 197 (2012)(citing 28 U.S.C. § 2254(e)(1),

cited in <u>Sanchez-Ramirez v. Mercado-Figueroa</u>, 2013 WL 3873379 at *2.

Petitioner has not countered that highly deferential standard.  Indeed,

the court of appeals noted at the end of its findings that petitioner has not

rebutted the deference owed to the trial court in its appreciation

(weighing) of the evidence, and that the verdicts are supported by the

credibility of the witnesses presented by both parties.   The appellate

court recited a substantial part of the "Narrative Statement of the

Evidence" presented at trial, relating the detailed testimony of patrolling

police officer Morales Rivera who was almost hit by the fleeing BMW in

Pajaros Ward (Docket No. 24-1 at 28-29),  Police Sergeant Benjamin

Burgos del Toro who followed the BMW and sees when the BMW is

intercepted by other police officers in Rexville (Docket No. 24-1 at 29-

30), police officer Carlos Bou Rodriguez, who knew of the pursuit of the

BMW and prepared to intercept the same (Docket No. 24-1 at 30-31),

and Vargas Perez (testifying under immunity), who relates the attempt of

the BMW to avoid interception, going against traffic, and proceeding

through a red light (Docket No. 24-1 at 31-32).  Vargas Perez also relates

how petitioner points a pistol at one of the plain clothed police officers.

The court concluded that there was no showing of manifest error which

CIVIL 14-1600 (FAB)                    46

would move the appellate court to dissolve the trial court's findings.

(Docket No. 24-1 at 48-49).   Such an analysis, based on state law, takes

the conviction outside of the realm of successful 2254 attack.  See 28

U.S.C. § 2254 (d)[11].   And the very specific nature of the facts related by

the appellate court, including numerous excepts from the Narrative

Statement of the Evidence, is something that petitioner easily chooses to

overlook in his broad stroked attack on the trial court's actions, which

makes only passing reference to unspecified parts of the Narrative

Statement of the Evidence.

        Finally, it is futile to engage in stay and abeyance in a case where

petitioner emphasizes that "[a]ll grounds that are present in this Petition

were presented in appeal and to the Supreme Court of Puerto Rico."

(Docket No. 28 at 3).  However, he has made a totally inadequate

showing that he has exhausted available state remedies under Puerto

Rico law.  This is particularly true since there is nothing beyond a

statement requiring this court to make a leap of faith in taking at face

_____

        [11]The appellate court's detailed findings are based almost exclusively on
Puerto Rico law, with mention of seminal United States Supreme Court
decisions which are subsequently adopted by the Puerto Rico supreme court.
Evidentiary rulings are considered in the light of Commonwealth  rules of
evidence and treatises of well established Puerto Rican legal scholars, such as
Professor Ernesto L. Chiesa Aponte.

CIVIL 14-1600 (FAB)                    47

value the statement that all grounds were presented in the state habeas

petition which was denied without hearing.

In view of the above, I recommend that the motion under 28 U.S.C.

§ 2254 filed against the Attorney General of the Commonwealth of Puerto

Rico be denied in that the petition fails to state a claim against him upon

which relief can be granted.  This is not an issue substituting a party with

privity with a more appropriate party.  The movant is not the custodian of

petitioner and petitioner is in the custody of the Attorney General as

much as he is in the custody of the Corrections Administration, the

Department of Justice, and the Commonwealth of Puerto Rico, none of

which are proper parties in a petition for a writ of habeas corpus.

Alternatively, I recommend that the motion to dismiss be

granted because petitioner has not complied with the requirements of 28

U.S.C. 2254 (d)(1) & (2).  I do not recommend stay and abeyance

because petitioner's unexhausted claims are meritless and aside from his

lack of faith in the Commonwealth judiciary, petitioner has not shown

good cause for failing to exhaust available state remedies. See Rhines v.

Weber, 544 U.S. at 277, 125 S. Ct. 1528;  Ruiz-Rodriguez v. Miranda-

Rodriguez, 2012 WL 4508126 at *5 (D.P.R. Sept. 28, 2012); Alvarado

Figueroa v. Rivera-Colomba, 2008 WL 4965338 at *6 (D.P.R. July 1,

CIVIL 14-1600 (FAB)                    48

2008).   Clearly it is in the interest of judicial economy to dispose of the claims here. See Coningford v. Rhode Island, 640 F.3d at 483-84.

It is also my recommendation that no certificate of appealability issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockerel, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003); Slack v. McDonnell, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); Barrow v. United States, 990 F. Supp. 2d 76, 79 (D.P.R. 2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct.  466 (1985); Dave v. Maccaroni, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Latch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secy. of Health & Human Serve., 836 F.2d 4, 6 (1st Cir.

CIVIL 14-1600 (FAB)                    49

1987); <u>Scott v. Schneider</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 20th day of August, 2015.


S/JUSTO ARENAS
United States Magistrate Judge